**QIN FAN LI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–3763.

United States Court of Appeals, Second Circuit.

June 19, 2006.

Frank R. Liu, New York, NY, for Petitioner.

Mary Beth Buchanan, United States Attorney, Troy Rivetti, Assistant United States Attorney, Pittsburgh, PA, for Respondent.

Present WILFRED FEINBERG, GUIDO CALABRESI and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review from a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qin Fan Li, a native and citizen of China filed a petition for review of a BIA decision affirming Immigration Judge ("IJ") Theresa Holmes–Simmons's denial of asylum, withholding of removal and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms the IJ's decision without opinion. See Twum v. INS, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's findings of discrepancies between Li's written application for asylum, his asylum interview, his oral testimony, his supplemental statement, and his documentary evidence. In particular: (1) Li testified that his wife was forcibly sterilized on two separate occasions, yet in his initial asylum application and in his statements at his asylum interview, Lin failed to mention that his wife was ever sterilized; (2) Li testified that he and his wife were married in November 1987, yet the marriage-birth control certificate indicates they Li and his wife were married in September 1984; and (3) the marriage-birth control certificate does not mention Li's wife's second sterilization or her abortion in October 1992.

A petitioner must raise issues to the agency in order to preserve them for judicial review. See Ivanishvili v. U.S. Dep't of Justice, 433 F.3d 332, 343 (2d Cir.2006); 8 U.S.C. § 1252(d)(1). In his appeal to the BIA, Li failed to meaningfully challenge the IJ's denial of his withholding of removal and CAT claims; therefore, this Court lacks the jurisdiction to review those claims.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).